IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THOMAS MURBY, JR.,            )
                              )
        Plaintiff,            )
                              )
                              )        CIV-14-1063-R
v.                            )
                              )
CIMARRON CORRECTIONAL         )
FACILITY KITCHEN STAFF, et al., )
                              )
        Defendants.           )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed without prejudice upon filing.

I. Plaintiff's Claims

In Plaintiff's Complaint filed October 1, 2014, Plaintiff alleges in count one that Defendants "Kitchen Staff," "Diet Cook Staff," and Kitchen Supervisor Mr. White have violated his constitutional rights by "Dietary Neglect." All of the Defendants are allegedly employed at the Cimarron Correctional Facility ("CCF"), a private prison operating under contract with the Oklahoma Department of Corrections to house Oklahoma prisoners and

1

where Plaintiff is confined.

As support, Plaintiff alleges that he has been prescribed a diabetic "diet tray" and "pm diabetic snack" and that "the kitchen staff" does not always comply with his dietary requirements. He alleges that his blood sugar levels have sometimes dropped and that he believes his "life is in serious danger." Plaintiff has attached to the Complaint a one-page medical diet order reflecting that on June 3, 2014, Plaintiff was prescribed a diabetic diet, including a "PM snack." Complaint, att. 1.

Plaintiff alleges in count two of the Complaint that "several requests" he submitted to "kitchen staff" and other prison officials have not been answered. As relief, Plaintiff requests that he receive his "diet tray and pm snack" and be transferred to another prison.

II. Statutory Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir.

2007). Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

III. Personal Participation

It is well established law that "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). See Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013)(§ 1983 liability must be predicated on an official's personal involvement in the constitutional violation).

In § 1983 actions involving multiple defendants, "[i]t is particularly important that plaintiff[ ] make clear exactly *who* is alleged to have done *what* to whom, ... as distinguished

3

from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." Pahls, 718 F.3d at 1225–26 (quotation and citation omitted).

In this case, Plaintiff's collective allegations in his Complaint fail to make clear exactly who is alleged to have participated in depriving him of his prescribed dietary requirements or in failing to respond to his requests for assistance. He has therefore not stated a plausible claim for relief under 42 U.S.C. § 1983 against any Defendant.

Moreover, even if Plaintiff could cure his pleading deficiencies and allege the personal participation of one or more individuals in not providing him the prescribed dietary requirements on one or more specific occasions, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Construing his allegations generously, Plaintiff's claim in count one is that Defendants have violated his rights under the Eighth Amendment of the Constitution. This claim is governed by the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994), in which the Court reiterated that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. Farmer's standard is violated if the prison "official knows of and disregards an excessive risk

to inmate health or safety." Id. at 837.

Plaintiff has alleged in conclusory, generalized terms that "I'm lucky if I receive" his prescribed diabetic diet and that his blood sugar levels "sometimes" drop when he does not receive his night-time diabetic snack. Plaintiff does not allege that his prescribed diet and snack have been denied on a continual basis or that he has actually suffered a serious or life-threatening condition as a result of the alleged "neglect" by CCF kitchen staff.

Plaintiff's allegations amount to nothing more than negligent conduct by unidentified CCF kitchen staff members. Mere negligence and neglect do not give rise to a constitutional violation. Barrie v. Grand County, Utah, 119 F.3d 862, 869 (10th Cir. 1997)("'Deliberate indifference[ ]' . . . requir[es] a higher degree of fault than negligence, or even gross negligence.")(quotation omitted). See also Estelle v. Gamble, 429 U.S. 97, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). More importantly, Plaintiff has not shown that any individual had a sufficiently culpable state of mind.

In count two, Plaintiff alleges only that his "request[s]" have not been answered. He does not allege a constitutional violation with this conclusory allegation of unanswered requests by various CCF staff members. See Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012)("The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under §1983.")(quotation omitted).

Plaintiff is not entitled to be housed in any particular prison, and his request for a

transfer to another prison or a "medical writ" fails to state plausible claim for relief under §1983.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks omitted). In light of the allegations in the Complaint, allowing Plaintiff to amend his Complaint would be futile as no amendment of his claims could state a plausible cause of action under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___November 19th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is

denied.

ENTERED this   30th   day of        October , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE