# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| THOMAS MURBY, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-1063-R |
| CIMARRON CORRECTIONAL FACILITY KITCHEN STAFF, et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered October 30, 2014. Doc. No. 7. The Court construes a letter that Plaintiff filed with the Court acknowledging receipt of the Report and Recommendation and stating, "I want to file a[n] objection to this" [Doc. No. 8], as an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) ("Because Mr. Casanova is proceeding pro se, we liberally construe his filings.") (citation omitted). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff, a state prisoner appearing pro se, brought suit under 42 U.S.C. § 1983 for "Dietary Neglect" and "Refusing to Answer Request," based on the prison's kitchen staff allegedly failing to provide him with a "diet tray and pm diabetic snack." Doc. No. 1, at 1, 3. The Magistrate Judge recommends dismissing this suit for failure to state a claim upon which relief can be granted. Doc. No. 7, at 6; *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal of a pro se complaint for failure to state a claim [under § 1915(e)(2)(B)(ii)] is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Nagy v. Spence*, 172 F. App'x 847, 848 (10th Cir. 2006) (unpublished) (quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). The Court construes Plaintiff's complaint broadly, but he "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

To succeed on a § 1983 claim, Plaintiff must allege and prove that Defendants personally participated in the constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, … as distinguished from collective allegations." *Glaser v. City & Cnty. of Denver*, 557 F. App'x 689, 702 (10th Cir. 2014) (unpublished) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013)). In *Glaser v. City & County of Denver*, the Tenth Circuit affirmed the district court's dismissal of a complaint for failure to state a claim when the plaintiff made "undifferentiated contentions that 'defendants' infringed his rights, without specifying what each of the eleven individual defendants named in th[at] claim specifically did or said." *Id.*

In his Complaint, Plaintiff alleges that he has "been having issues with the kitchen staff giving [him his] diet tray and pm diabetic snack." Doc. No. 1, at 2. He further

alleges that he has to "have staff call every day and [he is] lucky if [he] receive[s] them then," and that "Medical has talked and emailed the kitchen staff about [his] diet tray and pm snack and nothing has happened." *Id.* Such allegations fail to specify exactly what individual kitchen staff members did to deprive him of an appropriate diet. Absent allegations linking the deprivation of a constitutional right to the specific actions of individual staff members, Plaintiff has failed to state a claim under § 1983 for "Dietary Neglect."

Plaintiff argues that he is unable to identify any of the kitchen staff members by name because he never sees them and has not received a response to his requests. Doc. No. 8, at 1. But the Magistrate Judge recommends dismissing his complaint without prejudice, Doc. No. 7, at 6, thereby giving Plaintiff the opportunity to take further steps to determine the names of the individuals responsible for the alleged failure to provide him with an appropriate diet, and specifically what they did or did not do that resulted in the alleged constitutional violation.[1] And as the Magistrate Judge explained, even if Plaintiff had alleged the names of particular staff members and what these individuals did to deprive him of a diet tray and snack, he has not alleged the deliberate indifference required of a claim that one's Eighth Amendment rights have been violated. *See* Doc. No. 7, at 4-5.

---

[1] *See Glaser*, 557 F. App'x at 702-03 ("Glaser does not dispute that the collective allegations in his complaint fail to make clear exactly who is alleged to have done what to whom. But he argues that he needs discovery in order to properly present his claims. We have acknowledged that "[o]ne of the chief concerns of critics [of the plausibility standard] is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence." But … the district court's dismissal was without prejudice to the extent that Glaser's allegations were timely.") (citations omitted)).

3

Regarding Plaintiff's second claim based on various prison officials refusing to answer his request to receive a diet tray and snack, such allegations are also insufficient to establish personal participation under § 1983. *See Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) (unpublished) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim." (citations omitted)); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." (citations omitted)).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Plaintiff's Complaint [Doc. No. 1] is DISMISSED without prejudice.

IT IS SO ORDERED this 3rd day of December, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE